STATE *vs.* ALBERT F. DE CESARE.

FEBRUARY 1, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

124

FLYNN, C. J.   This is an amended petition under general laws 1938, chapter 535, § 6, for leave to file a motion for a new trial on the ground of newly discovered evidence. The petition is supported by affidavits of the petitioner, his attorney, and four persons upon whose testimony the petitioner relies. A counter-affidavit of the chief of police of Central Falls has been filed by the state.

It appears from the petition and these affidavits that the petitioner, as defendant below, was indicted, tried and convicted, by a jury in the superior court, of assault with intent to murder. Thereafter his motion for a new trial upon the usual grounds, including that of newly discovered evidence, was duly heard and denied by the trial justice. To this ruling and others made during the course of the trial, the petitioner duly filed his bill of exceptions, which is now pending in this court. It has not as yet been assigned for hearing on the merits.

On the hearing upon the motion for a new trial, the petitioner filed no affidavit of newly discovered evidence, as required by the rules of the superior court, and this ground of the motion was deemed to have been waived. Since that time, he claims to have obtained such newly discovered evidence and hence has brought this petition under the statute, for leave to file a motion for a new trial upon that ground.

It has not been argued and, therefore, we do not decide whether such a petition should be heard before or after the pending bill of exceptions has been heard and determined upon the merits. Assuming, however, that the petition

meets the requirements of the statute in that regard, we are nevertheless of the opinion that it must be denied for other reasons.

The substance of the petitioner's present contention is that some of the persons, who were brought to look at him while he was in the line-up at the police station, "refused to identify him"; and that these four affiants were among such persons but that their identity was not discovered by him in time to have them testify at the trial. His own affidavit states that he then knew the fact that several persons had thus "refused to identify him", and he so testified positively at the trial. It also states that he made such fact known to his attorney before trial and asked the latter to locate them for his defense.

His attorney's affidavit asserts that he "made diligent search in an endeavor to locate these persons and during the course of the trial I endeavored to ascertain the names of these persons". But nowhere in the affidavit of the petitioner or his attorney does it appear what, if anything, was actually done to locate or identify these persons. No facts whatever are recited to justify the mere conclusion and assertion that diligence was employed in that regard. On the contrary, from the counter-affidavit, it appears that no effort was made by or for the petitioner before trial, either by request to the police or by motion to the court, to obtain the names or addresses of such persons; and it further appears that the police, if requested by any proper person, would have given the desired information. Moreover, the chief of police and other officers testified at the trial and were cross-examined by petitioner's attorney, but no effort was then made to elicit such information. In these circumstances, we do not think that it can fairly be said that such evidence was not discoverable, by the exercise of ordinary diligence, in time for use during the trial. This ordinarily is sufficient

to deny the petition. *Walker* v. *Ursillo,* 166 A. (R. I.) 357, 358; *Silva* v. *Peerless Casualty Co.,* 53 R. I. 218.

Even if this were not so, the affidavits of the four persons, upon whose testimony the petition is based, do not disclose evidence of such character as to be so controlling upon a material issue that it would probably change the result, if another trial were had. See *Berarducci* v. *Sarcione,* 55 R. I. 398, 181 A. (R. I.) 913, 915, and cases cited. The four witnesses are brothers, who are apparently well known and reside in Central Falls; and their affidavits are alike in form and substance. These affidavits do not purport to show that the man whom the affiants described as "running up Railroad Street"—at some undisclosed time with reference to the alleged crime —was the same person whom certain witnesses at the trial had described and identified as the petitioner; or that such suspected man was the same person whom the testimony at the trial placed in Kelley's store at the time of the alleged crime.

The time of the day when these four affiants first saw the man, whom they now describe and whom they followed through other streets before and after he met a companion, was not fixed. They merely state that it was "on August 22d, 1937, the day of the hold-up of Kelley's Drug Store . . . ." On this statement, their first view of that man might have been before or long after the event. The place where they first saw this person was considerably distant from the actual place of the alleged crime, and also from the place where another witness at the trial said he had seen a man whom he later identified as the petitioner.

These affiants also state that they "then went to Kelley's place", and there described the two suspected persons whom they had followed; but they substantially admit that the complete description, which is now con-

tained in their affidavits, was not then given to anybody in that store. The affiants merely assert *"they* said that the description *we gave* was the same as the description of the men they were looking for". (italics ours) What persons were included in "they" does not appear; and it is not asserted that Kelley or any witness at the trial, who positively identified the petitioner as having been in Kelley's store at the time of the alleged crime, was included in the indefinite designation of "they". The evidence, as thus disclosed in the affidavits, is vague and not controlling upon the material issue of petitioner's identification.

We are of the opinion that these affidavits fail to show that such evidence was not discoverable by ordinary diligence in time for use at the trial, and are otherwise insufficient to meet the requirements of newly discovered evidence under the statute.

For the reasons stated, the petition is denied.

*Louis V. Jackvony,* Attorney General, *James O. Watts,* Asst. Attorney General, for State.

*Peter W. McKiernan, John C. Going, John S. McKiernan,* for defendant, petitioner.